## Basham, By et al. v. Owensboro City Railroad Company.

(Decided March 14, 1916.)

### Appeal from Daviess Circuit Court.

1. Evidence—Railroads—Personal Injuries.—In an action for damages for personal injuries by an infant against a street railroad, based on the negligence of the motorman in inviting plaintiff to get on a moving car, evidence of other invitations by the motorman on former occasions is not admissible.

2. Trial—Jury—View of Car Causing Accident—Authority to Permit. —The trial court has authority to permit a jury in a personal injury case to examine the car causing the accident at a place other than the place of injury, if it be shown that there has been no substantial change in the condition of the car since the accident.

3. Trial—Instructions—Negligence—Ordinary Care—Technical Error —When Not Prejudicial.—In an action by an infant for damages for personal injuries, an instruction defining ordinary care as "such care as persons of ordinary prudence usually exercise under the same or similar circumstances to that in this case," though technically incorrect, is not prejudicial, where the instruction on contributory negligence contains the following: " * * *, and in considering the contributory negligence of the plaintiff Hardin Basham the jury should take into consideration his age, intelligence and experience and knowledge of the car at the time he was injured," and the real issue in the case was whether the motorman did or did not invite plaintiff to get on the moving car.

J. R. HAYS, GILBERT HOLBROOK and LITTLE & SLACK for appellants.

E. B. ANDERSON and FUNKHOUSER & FUNKHOUSER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY COMMISSIONER—Affirming.

Hardin Basham, suing by his mother as next friend, brought this suit against defendant, Owensboro City Railroad Company, to recover damages for personal injuries. From a verdict and judgment in favor of the defendant plaintiff appeals.

The facts are as follows: Defendant was operating a work car, called a "dummy," which was being used to transport water tanks to the coal mines below Owensboro. The car was in charge of a motorman by the name of Pate and was going west on the company's private right of way some distance north of West Main street extended. Hardin Basham, a boy ten years of age, was standing near Sumner's grocery as the car passed. At that time Herman Smith, another boy, was standing on the running board. Hardin ran diagonally across the road after the car and grasped the hand-holds on the left hand side. While clinging to them and resting his right foot on the running-board, his left foot swung under the rear of the car and was cut off. After the accident the car moved only two or three feet. Hardin testified that as the car passed the motorman waived to him and he got on the car in response to the invitation of the motorman. His mother, who was some little distance away, also testified that she saw the motorman waive, but could not say whether he was waiving at Hardin or not. Owen Robert Jones, another boy twelve years of age, also testified that he saw the motorman waive to Hardin. It further appears that Hardin's father and mother frequently told him to stay off the cars and on one occasion punished him for disobeying their orders.

According to the evidence for defendant, the crew on the car was composed of Pate, the motorman, and Jake James, the flagman. When the accident occurred the flagman had gone down to the switch to flag the work car across the Louisville, Henderson and St. Louis Railway Company's track. The motorman was looking ahead towards the cross switch and did not see the boy until after the accident occurred. One of the witnesses says that the car had gone about one hundred and fifty feet beyond the boy when the boy turned and ran after the car. Other witnesses say that they did not see the motorman waive to the boy.

The first error assigned is the refusal of the trial court to permit plaintiff to prove that on other and former occasions Pate, the motorman, invited plaintiff

to get on the car for the purpose of turning the switch for him, and paid plaintiff in money and candy for such service. If the motorman did this, he was simply guilty of other acts of negligence, and it is well settled that negligence in a particular case cannot be established by evidence of other similar acts of negligence. L. & N. R. R. Co. v. Webb, 99 Ky., 332, 35 S. W., 1117; Southern Railway Co. v. Winchester's Ex'r., 105 S. W., 167; Baker v. Best, 33 R., 2, 107 S. W., 1192.

During the progress of the trial the court permitted the jury to inspect the car that caused the accident, after it was shown the condition of the car was the same as when the accident occurred. It is insisted that this was error because such an inspection is not authorized by section 318 of the Civil Code and the inspection did not take place where the accident occurred. While section 318, *supra,* authorizes a view by the jury of real property and the place where a material fact occurred, it contains no limitation on the right of the court to permit the jury to view other objects, where such a view is reasonably necessary for a proper understanding and appreciation of the facts in dispute. On the contrary, it is well settled that a jury may be permitted to view every kind of article causing an accident, when it is shown that there has been no substantial change in its condition since the accident. South Covington & Cincinnati Street Railway Company v. Finan's Admx., 153 Ky., 340, 155 S. W., 742. In the latter case the rule was applied to car wheels. Ordinarily, of course, such articles are brought to the court room or to the court house yard, but where the property is of such kind that it cannot be transported to the court house, it is altogether proper to permit the jury, under the charge of proper attendants, to inspect it at the most convenient point, even though it may not be at the place of accident.

Instruction No. 4 is as follows:

"By 'negligence or carelessness' as used in these instructions is meant the failure to exercise ordinary care; that is, such care as persons of ordinary prudence usually exercise under the same or similar circumstances to that in this case."

It is insisted that this instruction is erroneous and that the court should have told the jury that ordinary care on the part of the plaintiff was such care as might reasonably be expected of children of his age and intel-

ligence under the circumstances proven in this case. It appears, however, that the instruction on contributory negligence contains the following language:

"  *  *  *, and in considering the contributory negligence of the plaintiff Hardin Basham the jury should take into consideration his age, intelligence and experience and knowledge of the car at the time he was injured."

While it may be true that instruction No. 4 is technically incorrect, yet, viewed in the light of the instruction on contributory negligence, and of the further facts that the real issue in the case was whether the motorman did or did not invite plaintiff to ride on the car, we conclude that instruction No. 4 is not prejudicial.

In view of there being no prejudicial error in the record and of the finding of the jury in favor of the defendant, we deem it unnecessary to determine whether or not defendant was entitled to a peremptory instruction on the ground that, even if the motorman did invite plaintiff to get on the moving car, he had no authority to do so.

Judgment affirmed.